IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01442-BNB

DOUGLAS JAY WEST,

    Plaintiff,

v.

CORRECTION CORP. OF AMERICA (CCA),
ORTIZ, JOE, Exec. Director, CDOC,
WARDEN CROUSE (CCA), Crowley Corr. Facility,
CORR. OFCR. HAM,
LT. BISHOP,
LT. PERRY, and
(DOES), to be named upon discovery,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 1 2007

GREGORY C. LANGHAM
              CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Douglas Jay West, initiated this action by filing *pro se* a Prisoner Complaint. On August 29, 2007, he filed on the proper form an amended Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the amended complaint liberally because Mr. West is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. West will be ordered to file a second amended complaint.

    The court has reviewed Mr. West's amended complaint and finds that it is deficient because Mr. West fails to allege facts to demonstrate that each of the named

Defendants personally participated in the asserted constitutional violations. Mr. West refers to only one of the named Defendants in the claims he asserts in the amended complaint.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. West must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Mr. West be directed to file a second amended complaint to allege specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations. In order for Mr. West to state a claim for relief, his second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. West file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. West, together with

a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. West fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED October 1, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01442-BNB

Douglas Jay West
Prisoner No. 108376
Buena Vista Corr. Facility
PO Box 2017 - SEG - UN 14
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on __10/1/07__

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk